IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PATRICK BRIAN WEAVER , et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.:  10-3414-CV-S-MJW |
| | ) | |
| CORELOGIC REAL ESTATE | ) | |
| INFORMATION SERVICES, LLC | ) | |
| | ) | |
| ROLLINS APPRAISAL COMPANY and | ) | |
| CAROL ROLLINS | ) | |
| Service address: | ) | |
| 1650 E. Battlefield, Suite 120 | ) | |
| Springfield, MO  65804 | ) | |
| | ) | |
| KENNETH SIFFERMAN and | ) | |
| SHARON SIFFERMAN | ) | |
| Service address: | ) | |
| 3361 W. Van Owen St. | ) | |
| Springfield, MO 65810 | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED PETITION

General Allegations

COMES NOW Plaintiffs Patrick Brian Weaver and Michele Weaver, by and
through their attorneys, and for the general allegations of their First Amended Petition
against Defendant, state and allege as follows:

1.      Plaintiffs Patrick Brian Weaver and Michelle Weaver are residents of
Greene County, Missouri, residing at 4409 N. State Hwy. H, Springfield, MO  65803.

2.      In November 13, 1998, First American Flood Data Services merged into
First American Real Estate Information Services, Inc.

1

3. July 2, 2010, First American Real Estate Information Services, Inc., converged into CoreLogic Real Estate Information Services LLC.

4. Defendant CoreLogic Real Estate Information Services, LLC, is a Texas corporation in good standing and may be served through its registered agent, Corporation Services Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. Plaintiffs, by and through their lender, The Bank in Springfield, Missouri, requested a standard Flood Hazard Determination in November 2003.

6. On November 19, 2003, First American Flood Data Services determined that the subject property located at 4409 N. State Highway H, Springfield, Missouri, 65803, was not in a special flood hazard area. A copy of the Standard Flood Hazard Determination is attached hereto as Exhibit "A" and incorporated herein by reference.

7. The NFIP map used by defendant First American Flood Data Services to make the November 2003 determination was dated June 15, 1983. ( See Exhibit "A")

8. As a result of plaintiff's request to refinance, their lender, BancorpSouth Bank in Springfield, Missouri, retained the services of First American Flood Data Services to complete a Standard Flood Hazard Determination on November 12, 2009.

9. On November 12, 2009, First American Flood Data Services determined that the subject property located at 4409 N. State Highway H, Springfield, Missouri, 65803, was partially within a special flood hazard area. A copy of the Standard Flood Hazard Determination is attached hereto as Exhibit "B" and incorporated herein by reference.

10.    The NFIP map used by defendant First American Flood Data Services to make the November 12, 2009 determination was dated October 18, 2002. ( See Exhibit "B")

11.    At the time of the November 2003 determination, the October 18, 2002 NFIP maps were available, but said map was not used by Defendant in its determination.

12.    Had the property been properly designated in a flood zone in 2003, Plaintiffs would not have purchased the property and incurred additional expenses necessity of purchasing flood hazard insurance and required repairs to bring the property outside the flood hazard plain.

13.    Rollins Appraisal Company is a Missouri corporation in good standing, and can be served at 1650 E. Battlefield, Suite 120, Springfield, Missouri 65804.

14.    Carol Rollins, is the owner of Rollins Appraisal Company and can be served at 1650 E. Battlefield, Suite 120, Springfield, Missouri 65804.

15.    Carol Rollins is the Certified Real Estate Appraiser who completed the appraisal report on the subject property on November 5, 2003.  A copy of the Residential Appraisal Report is attached hereto as Exhibit "C" and incorporated herein by reference.

16.    Defendant Carol Rollins appraisal used the NFIP map panel dated June 15, 1983 and relying on FEMA map panel 2907820045B determined the property was in Flood Zone "A".

17.    Kenneth and Sharon Sifferman were the sellers of the real property located at 4409 N. State Highway H, Springfield, Missouri.

18.    Defendants Sifferman are individuals residing 3361 W. Van Owen St., Springfield, Missouri 65810.

3

19.    In selling the property, defendant Siffermans completed a sellers Disclosure Statement (See Sellers Disclosure Statement attached hereto and incorporated herein by reference as Exhibit "D".)

20.    Defendant sellers failed to disclose property in a flood one.

21.    Had the sellers disclosed the property to be in a flood zone

22.    The failure to properly designate the property by defendant sellers in a special flood hazard area has led to significant damage on behalf of Plaintiffs.

### Count I – Fraudulent Misrepresentation

COMES NOW Plaintiffs Patrick Brian Weaver and Michele Weaver, by and through their attorneys, and for Count I of their cause of action against Defendant First American Flood Data Services, state and allege as follows:

23.    Plaintiffs restate and reallege allegations contained in paragraphs 1 through 22 of General Allegations above and incorporate the same herein by reference as though set out in full.

24.    Defendant could have reasonably known the truth concerning whether the property was located in a flood zone, but were instead deliberately ignorant in making false representations to Plaintiffs.

25.    Defendants' representations were false in that the property was partially within a Special Flood Hazard Area.

26.    Plaintiffs were ignorant of the falsity of Defendants' representation regarding whether the property was located in a flood zone.

4

27.     Plaintiffs were reasonable in their reliance on the truth of Defendants' representation concerning whether the property was located in a flood zone and therefore, has a right to rely upon said representations.

28.     As a direct and proximate result of Defendants' misrepresentations, Plaintiffs have been damaged.

29.     Defendants' actions were outrageous as to justify the imposition of punitive damages.

WHEREFORE, Plaintiffs Patrick Brian Weaver and Michele Weaver respectfully request the Court to enter judgment against Defendant First American Flood Data Services for damages in excess of $25,000, for punitive damages, for Plaintiffs' costs incurred herein, and for such other and further relief as the Court deems just and proper.

## Count II – Negligent Misrepresentation

COMES NOW Plaintiffs Patrick Brian Weaver and Michele Weaver, by and through their attorneys, and for Count II of their cause of action against Defendant First American Flood Data Services, state and allege as follows:

30.     Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 22 of General Allegations and paragraphs 23 through 29 of Count I above and incorporate the same herein by reference as if set out in full.

31.     The information supplied by Defendant to Plaintiffs that the property was not in a flood zone was false.

32.     Defendant failed to exercise reasonable care in obtaining or communicating the information given to Plaintiffs regarding whether the property was located in a flood zone.

5

33.    Defendant was negligent in using 1983 maps when 2002 maps were available.

34.    Plaintiffs were ignorant of the falsity of the information supplied by Defendant regarding whether the property was located in a flood zone.

35.    Plaintiffs relied upon the truth of the information provided by Defendant.

36.    As a direct and proximate result of Defendant's failure to exercise reasonable care in communicating information regarding whether the property was located in a flood zone, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs Patrick Brian Weaver and Michele Weaver respectfully request the Court to enter judgment against Defendant First American Flood Data Services for damages in excess of $25,000, for Plaintiffs' costs incurred herein, and for such other and further relief as the Court deems just and proper.

### Count III – Negligence

COMES NOW Plaintiffs Patrick Brian Weaver and Michele Weaver, by and through their attorneys, and for Count III of their cause of action against Defendant First American Flood Data Services, state and allege as follows:

37.    Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 22 of General Allegations and paragraphs 23 through 29 of Count I,   and paragraphs 30 through 36 of Count II above, and incorporate the same herein by reference as if set out in full.

38.    Defendant had a duty to advise Plaintiffs that the property was located in a flood zone.

39.     The property purchased by Plaintiffs is within a special flood hazard area and Defendant negligently failed to advise Plaintiffs of this fact.

40.     Defendant was negligence in using 1983 maps when 2002 maps were available.

41.     Defendants' failure to advise Plaintiffs that the property was located in a flood zone was a breach of Defendants' duty to Plaintiff.

42.     As a direct result of Defendants' negligence, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs Patrick Brian Weaver and Michele Weaver pray this Court enter judgment against Defendant First American Flood Data Services, for damages in excess of $25,000, for Plaintiffs' costs incurred herein, and for such other and further relief as the Court deems just and proper.

### Count IV-Negligence

COMES NOW Plaintiffs Patrick Brian Weaver and Michele Weaver, by and through their attorneys, and for Count IV of their cause of action against Defendant Carol Rollins individually, state and allege as follows:

43.     Plaintiffs restate and reallege the allegations contained in paragraphs 1 though 22 of General Allegations, paragraphs 23 through 29 of Count I, paragraphs 30 through 36 of Count II, paragraphs 37 through 42 of Count III above, and incorporate the same herein by reference as through set out in full.

44.     Defendant Carol Rollins was negligent in determining that the property was not in Flood Zone "C" and does not indicate it was in a special Flood Hazard.

7

45.     Defendant Carol Rollins was negligent in determining the property was in a Flood Zone "A" when it should be a Flood Zone "C".

46.     Defendant Carol Rollins was negligent in using the NFIP map panel dated June 15, 1983.

47.     Defendant Carol Rollins was negligent in relying on FEMA map panel 2907820045B.

48.     Had defendant Carol Rollins issued a proper and accurate flood zone determination, Plaintiffs would not have purchased the subject property.

49.     Defendant Carol Rollins failure to issue a proper and accurate flood zone determination was a breach of it duty to Plaintiffs.

50.     As a direct and proximate result of defendant Carol Rollins negligence, Plaintiffs have been damaged.

WHEREFORE,  Plaintiffs Patrick Brian Weaver and Michele Weaver pray this Court enter judgment against defendant Carol Rollins for damages in excess of $25,000.00, for Plaintiffs' costs incurred herein, and for such other and further relief as the Court deems just and proper.

### Count V – Negligent Misrepresentation

COMES NOW Plaintiffs Patrick Brian Weaver and Michele Weaver, by and through their attorneys, and for Count V of their cause of action against Defendant Carol Rollins individually, and state and allege as follows:

51.     Plaintiffs restate and reallege the allegations contained in paragraphs 1 though 22 of General Allegations, paragraphs 23 through 29 of Count I, paragraphs 30 through 36 of Count II, paragraphs 37 through 42 of Count III, paragraphs 43 through 50

8

of Count IV above, and incorporate the same herein by reference as through set out in full.

52. Defendant Carol Rollins was under a duty to exercise reasonable care and communicate to Plaintiffs that the property's location was in a flood hazard area, which should have been disclosed by Defendant Carol Rollins in the course of their business or because of their pecuniary interest.

53. Plaintiffs were members of a limited group in a particular business transaction.

54. Defendant Carol Rollins in the course of her business or because of her pecuniary interest failed to disclose such information set out above, the omission and/or concealment of which was tantamount to giving false information.

55. Because of a failure by Defendant Carol Rollins to exercise reasonable care or competence, the information they represented to Plaintiffs was false.

56. The false representations due to omission and/or concealment were intentionally provided by Defendant Carol Rollins for the guidance of Plaintiffs in the purchase of property from Defendant Carol Rollins and with the intent to induce Plaintiffs to purchase the property.

57. Plaintiffs justifiably and to their detriment relied on Defendant Carol Rollins to communicate the material facts set out above and as a direct result of Defendant Carol Rollins failure to disclose and/or concealment, and Plaintiffs' reliance on such, Plaintiff suffered a pecuniary loss and sustained damages.

WHEREFORE, Plaintiffs Patrick Brian Weaver and Michele Weaver respectfully request the Court to enter judgment against Defendant Carol Rollins for damages in

excess of $25,000.00; or in the alternative, for rescission of the Real Estate Contract and restitution in the amount of the contract price; and for punitive damages, all pre- and post- Judgment interest, Plaintiffs' costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

## Count VI – Fraudulent Misrepresentation

COMES NOW Plaintiffs Patrick Brian Weaver and Michele Weaver, by and through their attorneys, and for Count VI of their cause of action against Defendant Carol Rollins, state and allege as follows:

58.     Plaintiffs restate and reallege the allegations contained in paragraphs 1 though 22 of General Allegations, paragraphs 23 through 29 of Count I, paragraphs 30 through 36 of Count II, paragraphs 37 through 42 of Count III, paragraphs 43 through 50 of Count IV, paragraph 51 through 57 of Count V above, and incorporate the same herein by reference as through set out in full.

59.     Defendant Carol Rollins, had superior knowledge of material facts that were not within the fair and reasonable reach of Plaintiffs regarding the property's location in a flood hazard area, and the existence of previous flood and/or drainage problems on the property that Plaintiffs did not and could not have discovered by the exercise of reasonable diligence, and Plaintiffs were unable to discover such concealed information.

60.     Defendant Carol Rollins, was under an obligation to communicate the material facts set out above to Plaintiffs by virtue of their superior knowledge.

61.     Defendant Carol Rollins, failed to communicate and/or disclose to Plaintiffs material facts, based on concealment made innocently as a result of a

10

misapprehension or mistake with intent that Plaintiffs act in the manner reasonable contemplated in reliance upon the concealment by closing on the purchase of the property.

62.     The failure to communicate and/or disclose material facts to Plaintiffs amounted to representations made by Defendant Carol Rollins which were false and such nondisclosure was material to Plaintiffs' purchase of the property.

63.     The false representation was made by the Defendant Carol Rollins, with the intention to induce Plaintiffs to purchase the property.

64.     Plaintiffs were not aware of the falsity of the representations due to the failure to disclose material facts and reasonably relied on Defendant Carol Rollins, representation in purchase of the property.

65.     Plaintiffs justifiably and to their detriment relied on Defendant Carol Rollins, to communicate and/or disclose material facts to Plaintiffs and closed on the purchase of the property.

66.     Plaintiffs sustained damages as a result of the failure by Defendant Carol Rollins, to communicate and/or disclose material facts.

67.     Defendant Carol Rollins, actions were outrageous because of her evil motives and/or reckless indifference to the rights of other as to justify the imposition of punitive damages.

WHEREFORE, Plaintiffs Patrick Brian Weaver and Michele Weaver respectfully request the Court to enter judgment against Defendant Carol Rollins, for damages in excess of $25,000.00; or in the alternative, for rescission of the Real Estate Contract and restitution in the amount of the contract price; and for punitive damages, all pre- and

post- Judgment interest, Plaintiffs' costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

## Count VII-Negligence

COMES NOW Plaintiffs Patrick Brian Weaver and Michele Weaver, by and through their attorneys, and for Count VII of their cause of action against Defendant Rollins Appraisal Company, state and allege as follows:

68.     Plaintiffs restate and reallege the allegations contained in paragraphs 1 though 22 of General Allegations, paragraphs 23 through 29 of Count I, paragraphs 30 through 36 of Count II, paragraphs 37 through 42 of Count III, paragraphs 43 through 50 of Count IV, paragraphs 51 through 57 of Count V, paragraph 58 through 67 of Count VI above, and incorporate the same herein by reference as through set out in full.

69.     Defendant Rollins Appraisal Company was negligent in determining that the property was not in Flood Zone "C" and does not indicate it was in a special Flood Hazard.

70.     Defendant Rollins Appraisal Company was negligent in determining the property was in a Flood Zone "A" when it should be a Flood Zone "C".

71.     Defendant Rollins Appraisal Company was negligent in using the NFIP map panel dated June 15, 1983.

72.     Defendant Rollins Appraisal Company was negligent in relying on FEMA map panel 2907820045B.

73.     Had defendant Rollins Appraisal Company issued a proper and accurate flood zone determination, Plaintiffs would not have purchased the subject property.

12

74.     Defendant Rollins Appraisal Company failure to issue a proper and accurate flood zone determination was a breach of it duty to Plaintiffs.

75.     As a direct and proximate result of defendant Rollins Appraisal Company negligence, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs Patrick Brian Weaver and Michele Weaver pray this Court enter judgment against defendant Rollins Appraisal Company for damages in excess of $25,000.00, for Plaintiffs' costs incurred herein, and for such other and further relief as the Court deems just and proper.

### Count VIII – Negligent Misrepresentation

COMES NOW Plaintiffs Patrick Brian Weaver and Michele Weaver, by and through their attorneys, and for Count VIII of their cause of action against Defendant Rollins Appraisal Company, and state and allege as follows:

76.     Plaintiffs restate and reallege the allegations contained in paragraphs 1 though 22 of General Allegations, paragraphs 23 through 29 of Count I, paragraphs 30 through 36 of Count II, paragraphs 37 through 42 of Count III, paragraphs 43 through 50 of Count IV, paragraphs 51 through 57 of Count V, paragraphs 58 through 67 of Count VI, paragraphs 68 through 75 of Count VII above, and incorporate the same herein by reference as through set out in full.

77.     Defendant Rollins Appraisal Company was under a duty to exercise reasonable care and communicate to Plaintiffs that the property's location was in a flood hazard area, which should have been disclosed by Defendant Rollins Appraisal Company in the course of their business or because of their pecuniary interest.

78.     Plaintiffs were members of a limited group in a particular business transaction.

79.     Defendant Rollins Appraisal Company in the course of their business or because of their pecuniary interest failed to disclose such information set out above, the omission and/or concealment of which was tantamount to giving false information.

80.     Because of a failure by Defendant Rollins Appraisal Company to exercise reasonable care or competence, the information they represented to Plaintiffs was false.

81.     The false representations due to omission and/or concealment were intentionally provided by Defendant Rollins Appraisal Company for the guidance of Plaintiffs in the purchase of property from Defendant Rollins Appraisal Company and with the intent to induce Plaintiffs to purchase the property.

82.     Plaintiffs justifiably and to their detriment relied on Defendant Rollins Appraisal Company to communicate the material facts set out above and as a direct result of Defendant Rollins Appraisal Company failure to disclose and/or concealment, and Plaintiffs' reliance on such, Plaintiff suffered a pecuniary loss and sustained damages.

WHEREFORE, Plaintiffs Patrick Brian Weaver and Michele Weaver respectfully request the Court to enter judgment against Defendant Rollins Appraisal Company for damages in excess of $25,000.00; or in the alternative, for rescission of the Real Estate Contract and restitution in the amount of the contract price; and for punitive damages, all pre- and post- Judgment interest, Plaintiffs' costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

## Count IX– Fraudulent Misrepresentation

COMES NOW Plaintiffs Patrick Brian Weaver and Michele Weaver, by and through their attorneys, and for Count IX of their cause of action against Defendant Rollins Appraisal Company, state and allege as follows:

83.    Plaintiffs restate and reallege the allegations contained in paragraphs 1 though 22 of General Allegations, paragraphs 23 through 29 of Count I, paragraphs 30 through 36 of Count II, paragraphs 37 through 42 of Count III, paragraphs 43 through 50 of Count IV, paragraph 51 through 57 of Count V, paragraphs 58 through 67 of Count VI, paragraphs 68 through 75 of Count VII, paragraph 76 through 82 of Count VIII above, and incorporate the same herein by reference as through set out in full.

84.    Defendant Rollins Appraisal Company, had superior knowledge of material facts that were not within the fair and reasonable reach of Plaintiffs regarding the property's location in a flood hazard area, and the existence of previous flood and/or drainage problems on the property that Plaintiffs did not and could not have discovered by the exercise of reasonable diligence, and Plaintiffs were unable to discover such concealed information.

85.    Defendant Rollins Appraisal Company, was under an obligation to communicate the material facts set out above to Plaintiffs by virtue of their superior knowledge.

86.    Defendant Rollins Appraisal Company, failed to communicate and/or disclose to Plaintiffs material facts, based on concealment made innocently as a result of a misapprehension or mistake with intent that Plaintiffs act in the manner reasonable

contemplated in reliance upon the concealment by closing on the purchase of the property.

87.    The failure to communicate and/or disclose material facts to Plaintiffs amounted to representations made by Defendant Rollins Appraisal Company which were false and such nondisclosure was material to Plaintiffs' purchase of the property.

88.    The false representation was made by the Defendant Rollins Appraisal Company, with the intention to induce Plaintiffs to purchase the property.

89.    Plaintiffs were not aware of the falsity of the representations due to the failure to disclose material facts and reasonably relied on Defendant Rollins Appraisal Company, representation in purchase of the property.

90.    Plaintiffs justifiably and to their detriment relied on Defendant Rollins Appraisal Company, to communicate and/or disclose material facts to Plaintiffs and closed on the purchase of the property.

91.    Plaintiffs sustained damages as a result of the failure by Defendant Rollins Appraisal Company, to communicate and/or disclose material facts.

92.    Defendant Rollins Appraisal Company, actions were outrageous because of their evil motives and/or reckless indifference to the rights of other as to justify the imposition of punitive damages.

WHEREFORE, Plaintiffs Patrick Brian Weaver and Michele Weaver respectfully request the Court to enter judgment against Defendant Rollins Appraisal Company, for damages in excess of $25,000.00; or in the alternative, for rescission of the Real Estate Contract and restitution in the amount of the contract price; and for punitive damages, all

pre- and post- Judgment interest, Plaintiffs' costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

## Count X - Fraudulent Misrepresentation

COMES NOW Plaintiffs Patrick Brian Weaver and Michele Weaver, by and through their attorneys, and for Count X of their cause of action against Defendants Kenneth Sifferman and Sharon Sifferman, state and allege as follows:

93.     Plaintiffs restate and reallege the allegations contained in paragraphs 1 though 22 of General Allegations, paragraphs 23 through 29 of Count I, paragraphs 30 through 36 of Count II, paragraphs 37 through 42 of Count III, paragraphs 43 through 50 of Count IV, paragraph 51 through 57 of Count V, paragraphs 58 through 67 of Count VI, paragraphs 68 through 75 of Count VII, paragraph 76 through 82 of Count VIII, paragraphs  83 through 92 of Count IX above, and incorporate the same herein by reference as through set out in full.

94.     On or about November 21, 2003, Defendants Kenneth Sifferman and Sharon Sifferman entered into a Real Estate Sales contract with Plaintiffs for sale and purchase of the property located at 4409 N. State Hwy.  H, Springfield, Missouri for a total purchase price of One Hundred Fifty Thousand Dollars ($150,000.00).

95.     Prior to entering into the Contract, Defendants Kenneth Sifferman and Sharon Sifferman provided Plaintiffs with the Sellers' Disclosure Statement, attached hereto as Exhibit "D" and incorporated herein by reference, which did not disclose the property is located in a flood hazard area.

17

96.     Since the purchase of the property, Plaintiffs have discovered that it is in fact located in a flood hazard area and the property has experienced severe damage due to flood problems.

97.     Defendants Kenneth Sifferman and Sharon Sifferman had superior knowledge of material facts that were not within the fair and reasonable reach of Plaintiffs regarding the property's location in a flood hazard area, and the existence of previous flood and/or drainage problems on the property that Plaintiffs did not and could not have discovered by the exercise of reasonable diligence, and Plaintiffs were unable to discover such concealed information.

98.     Defendants Kenneth Sifferman and Sharon Sifferman were under an obligation to communicate and/or disclose the material facts set out above to Plaintiffs by virtue of their superior knowledge.

99.     Defendants Kenneth Sifferman and Sharon Sifferman failed to communicate to Plaintiffs the material facts set out above, knowing that their failure to disclose and/or communicate amounted to a false representation and concealment, and intending that Plaintiffs rely upon such failure to communicate and/or failure to disclose and/or concealment to close on the purchase of the property.

100.    The failure to disclose material facts to Plaintiffs amounted to representations make by Defendants Kenneth Sifferman and Sharon Sifferman which were false and were made by Defendants Kenneth Sifferman and Sharon Sifferman knowing of their falsity, and such nondisclosure and/or concealment was material to Plaintiffs' purchase of the property.

101. The false representations were made by the Defendants Kenneth Sifferman and Sharon Sifferman with the intention to induce Plaintiffs to purchase the property.

102. Plaintiffs were not aware of the falsity of the representations due to the failure to disclose material facts and/or the concealment of material facts and reasonably relied on Defendants Kenneth Sifferman and Sharon Sifferman representations in purchase of the property.

103. Plaintiffs justifiably and to their detriment relied on Defendants Kenneth Sifferman and Sharon Sifferman to disclose material facts and/or concealment of material facts in their purchase of the property.

104. Plaintiffs sustained damages as a direct result of the failure by Defendants Kenneth Sifferman and Sharon Sifferman to communicate and/or disclose material facts.

105. Defendants Kenneth Sifferman and Sharon Sifferman actions were outrageous because of their evil motives and/or reckless indifference to the rights of others as to justify the imposition of punitive damages.

WHEREFORE, Plaintiffs Patrick Brian Weaver and Michele Weaver respectfully request the Court to enter judgment against Defendants Kenneth Sifferman and Sharon Sifferman for damages in excess of $25,000.00; or in the alternative, for rescission of the Real Estate Contract and restitution in the amount of the contract price; and for punitive damages, all pre- and post- Judgment interest, Plaintiffs' costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

## Count XI – Negligent Misrepresentation

COMES NOW Plaintiffs Patrick Brian Weaver and Michele Weaver, by and through their attorneys, and for Count X of their cause of action against Defendants Kenneth Sifferman and Sharon Sifferman, state and allege as follows:

106.    Plaintiffs restate and reallege the allegations contained in paragraphs 1 though 22 of General Allegations, paragraphs 23 through 29 of Count I, paragraphs 30 through 36 of Count II, paragraphs 37 through 42 of Count III, paragraphs 43 through 50 of Count IV, paragraph 51 through 57 of Count V, paragraphs 58 through 67 of Count VI, paragraphs 68 through 75 of Count VII, paragraph 76 through 82 of Count VIII, paragraphs  83 through 92 of Count IX, paragraphs 93 through 105 of Count X above, and incorporate the same herein by reference as through set out in full.

107.    Defendants Kenneth Sifferman and Sharon Sifferman were under a duty to exercise reasonable care and communicate to Plaintiffs that the property's location was in a flood hazard area, which should have been disclosed by Defendants Kenneth Sifferman and Sharon Sifferman in the course of their business or because of their pecuniary interest.

108.    Plaintiffs were members of a limited group in a particular business transaction.

109.    Defendants Kenneth Sifferman and Sharon Sifferman in the course of their business or because of their pecuniary interest failed to disclose such information set out above, the omission and/or concealment of which was tantamount to giving false information.

110.    Because of a failure by Defendants Kenneth Sifferman and Sharon Sifferman to exercise reasonable care or competence, the information they represented to Plaintiffs was false.

111.    The false representations due to omission and/or concealment were intentionally provided by Defendants Kenneth Sifferman and Sharon Sifferman for the guidance of Plaintiffs in the purchase of property from Defendants Kenneth Sifferman and Sharon Sifferman and with the intent to induce Plaintiffs to purchase the property.

112.    Plaintiffs justifiably and to their detriment relied on Defendants Kenneth Sifferman and Sharon Sifferman to communicate the material facts set out above and as a direct result of Defendants Kenneth Sifferman and Sharon Sifferman failure to disclose and/or concealment, and Plaintiffs' reliance on such, Plaintiff suffered a pecuniary loss and sustained damages.

WHEREFORE, Plaintiffs Patrick Brian Weaver and Michele Weaver respectfully request the Court to enter judgment against Defendants Kenneth Sifferman and Sharon Sifferman for damages in excess of $25,000.00; or in the alternative, for rescission of the Real Estate Contract and restitution in the amount of the contract price; and for punitive damages, all pre- and post- Judgment interest, Plaintiffs' costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

### Count XII – Fraudulent Misrepresentation

COMES NOW Plaintiffs Patrick Brian Weaver and Michele Weaver, by and through their attorneys, and for Count XII of their cause of action against Defendants Kenneth Sifferman and Sharon Sifferman, state and allege as follows:

21

113. Plaintiffs restate and reallege the allegations contained in paragraphs 1 though 22 of General Allegations, paragraphs 23 through 29 of Count I, paragraphs 30 through 36 of Count II, paragraphs 37 through 42 of Count III, paragraphs 43 through 50 of Count IV, paragraph 51 through 57 of Count V, paragraphs 58 through 67 of Count VI, paragraphs 68 through 75 of Count VII, paragraph 76 through 82 of Count VIII, paragraphs 83 through 92 of Count IX, paragraphs 93 through 105 of Count X, paragraph 106 through 112 of Count XI above, and incorporate the same herein by reference as through set out in full.

114. Defendants Kenneth Sifferman and Sharon Sifferman had superior knowledge of material facts that were not within the fair and reasonable reach of Plaintiffs regarding the property's location in a flood hazard area, and the existence of previous flood and/or drainage problems on the property that Plaintiffs did not and could not have discovered by the exercise of reasonable diligence, and Plaintiffs were unable to discover such concealed information.

115. Defendants Kenneth Sifferman and Sharon Sifferman were under an obligation to communicate the material facts set out above to Plaintiffs by virtue of their superior knowledge.

116. Defendants Kenneth Sifferman and Sharon Sifferman failed to communicate and/or disclose to Plaintiffs material facts, based on concealment made innocently as a result of a misapprehension or mistake with intent that Plaintiffs act in the manner reasonable contemplated in reliance upon the concealment by closing on the purchase of the property.

117. The failure to communicate and/or disclose material facts to Plaintiffs amounted to representations made by Defendants Kenneth Sifferman and Sharon Sifferman which were false and such nondisclosure was material to Plaintiffs' purchase of the property.

118. The false representation was made by the Defendants Kenneth Sifferman and Sharon Sifferman with the intention to induce Plaintiffs to purchase the property.

119. Plaintiffs were not aware of the falsity of the representations due to the failure to disclose material facts and reasonably relied on Defendants Kenneth Sifferman and Sharon Sifferman representation in purchase of the property.

120. Plaintiffs justifiably and to their detriment relied on Defendants Kenneth Sifferman and Sharon Sifferman to communicate and/or disclose material facts to Plaintiffs and closed on the purchase of the property.

121. Plaintiffs sustained damages as a result of the failure by Defendants Kenneth Sifferman and Sharon Sifferman to communicate and/or disclose material facts.

122. Defendants Kenneth Sifferman and Sharon Sifferman actions were outrageous because of their evil motives and/or reckless indifference to the rights of other as to justify the imposition of punitive damages.

WHEREFORE, Plaintiffs Patrick Brian Weaver and Michele Weaver respectfully request the Court to enter judgment against Defendants Kenneth Sifferman and Sharon Sifferman for damages in excess of $25,000.00; or in the alternative, for rescission of the Real Estate Contract and restitution in the amount of the contract price; and for punitive damages, all pre- and post- Judgment interest, Plaintiffs' costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

## Count XIII– MISSOURI MERCHANDISING PRACTICES ACT

COMES NOW Plaintiffs Patrick Brian Weaver and Michele Weaver, by and through their attorneys, and for Count XIII of their cause of action against Defendants Kenneth Sifferman and Sharon Sifferman, state and allege as follows:

123.    Plaintiffs restate and reallege the allegations contained in paragraphs 1 though 22 of General Allegations, paragraphs 23 through 29 of Count I, paragraphs 30 through 36 of Count II, paragraphs 37 through 42 of Count III, paragraphs 43 through 50 of Count IV, paragraph 51 through 57 of Count V, paragraphs 58 through 67 of Count VI, paragraphs 68 through 75 of Count VII, , paragraphs 76 through 82 of Count VIII, paragraphs 83 through 92 of Count IX, paragraphs 93 through 105 of Count X, paragraph 106 through 112 of Count XI, paragraphs 113 through 122 of Count XII above, and incorporate the same herein by reference as through set out in full.

124.    At all relevant times, Defendants Kenneth Sifferman and Sharon Sifferman were involved in the sale and/or advertisement of merchandise in trade or commerce as defined by the Missouri Merchandising Practices Act, Section 407.010 RSMo *et seq.*

125.    Defendants Kenneth Sifferman and Sharon Sifferman used deception, fraud, false pretense, false promise, misrepresentation, unfair practice, and/or concealed, suppressed, or omitted material facts while involved in the sale and/or advertisement of merchandise in trade or commerce to Plaintiffs in violation of Section 407.020 RSMo.

126.    Defendants    Kenneth    Sifferman    and    Sharon    Sifferman    made representations and/or statements of fact in the sale of real estate which were false and/or

had the capacity to mislead prospective purchasers, Plaintiffs, in violation of Section 407.020 RSMo.

127.     Defendants Kenneth Sifferman and Sharon Sifferman omitted and/or falsified material facts in the sale of real estate in violation of Section 407.020 RSMo.

128.     Defendants Kenneth Sifferman and Sharon Sifferman used deception, misrepresentation, and committed fraud in the marketing, advertising, and selling of real estate in violation of Section 407.020 RSMo.

129.     Plaintiffs were induced by the deception, fraud, false pretense, false promise, misrepresentation, unfair practice and/or concealment, suppression, or omission of material facts by Defendants Kenneth Sifferman and Sharon Sifferman to enter into a contract and agreement to purchase real estate.

130.     Plaintiffs purchased said real estate for their personal use and/or purposes.

131.     As a direct and proximate result of Defendants Kenneth Sifferman and Sharon Sifferman unlawful acts, Plaintiffs agreed to purchase real estate to Plaintiffs' detriment and Plaintiffs have been damaged by Defendants Kenneth Sifferman and Sharon Sifferman violation of Seciton 407.020 RSMo. known as the Merchandising Practices Act.

132.     Defendants Kenneth Sifferman and Sharon Sifferman knowingly and willfully conducted the aforementioned unlawful methods, actions, and practices concerning the marketing, advertising, and selling of real estate.  Such conduct reflects the deepest malice and  willfully injurious conduct a corporation can engage in.  As a direct and proximate result of Defendants Kenneth Sifferman and Sharon Sifferman conduct, punitive damages are appropriate in such a sum as will serve to punish

Defendants Kenneth Sifferman and Sharon Sifferman and to deter them and others from like conduct.

133.    Pursuant to Sections 407.020 and 407.025 RSMo., Plintiffs are entitled to actual damages, punitive damages, attorneys' fees, and other relief as deemed necessary and proper.

134.    Pursuant to Section 407.025 RSMo.., Plaintiffs have provided notice to the District Court for the Western District of Missouri Central Division, by the filing of this Petition that this court is being brought pursuant to the Missouri Merchandising Practices Act, Section 407.010 RSMo *et seq*.

WHEREFORE, Plaintiffs Patrick and Michele Weaver respectfully request the Court to enter judgment against Defendants Kenneth Sifferman and Sharon Sifferman, for all incidental, consequential, actual, and punitive damages, for all attorneys' fees, costs and expenses incurred in the prosecution of their claim against the Defendants Kenneth Sifferman and Sharon Sifferman and this Court, and for such other and further relief as the Court deems just and proper under the circumstances.

HADEN, COWHERD & BULLOCK, L.L.C.

By_____
    Catherine A. Reade   #53246
    2135 East Sunshine, Suite 203
    Springfield, Missouri  65804-1899
    Telephone:    (417) 883-5535
    Facsimile:    (417) 883-5541
    Email: careade@hcblawfirm.com
    Attorneys for Plaintiffs Patrick Brian
    Weaver and Michele Weaver

26

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following, and mailed a copy of the foregoing postage-prepaid to the following:

Richard L. Martin
MARTIN, LEIGH, LAWS & FRITZLEN, P.C.
1044 Main Street, Suite 900
Kansas City, MO 64105
Attorney for Defendant

_____
Catherine Reade