# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| PATRICK BRIAN WEAVER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 10-3414-CV-S-MJW |
| ) | |
| CORELOGIC FLOOD SERVICES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On December 17, 2010, plaintiffs Patrick Brian Weaver and Michele Weaver filed a motion to remand this case to state court on grounds that the federal court no longer has jurisdiction. Plaintiffs assert that their amended complaint, which names additional defendants, destroys the diversity jurisdiction basis on which defendant removed this case to federal court. Defendant CoreLogic Flood Services, LLC[1], (hereinafter "CoreLogic") has filed a response indicating that it will not file a responsive pleading to plaintiffs' motion to remand.

This case was removed from state court to federal court, pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." The original federal jurisdiction basis cited by CoreLogic in support of removal of this case was diversity of citizenship and federal-question jurisdiction.

Jurisdiction on diversity of citizenship grounds is set forth in Title 28, United States Code, section 1332(a), which states that "district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and

---

[1] Defendant CoreLogic notified the court on February 3, 2011, that plaintiffs' complaint improperly identified "CoreLogic Real Estate Information Services, LLC," and that the correct identification is "CoreLogic Flood Services, LLC."

citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, . . . and citizens of a State or of different States."

Here, at the time CoreLogic originally removed this case to federal court on October 6, 2010, there was complete diversity of citizenship between all parties and this court properly had original jurisdiction under section 1332(a). Subsequently, however, plaintiffs filed a First Amended Complaint on January 21, 2011, upon grant of leave by this court, with no objection being filed by defendant CoreLogic. This First Amended Complaint names additional defendants Rollins Appraisal Company, Carol Rollins, Kenneth Sifferon and Sharon Sifferon, who are all residents of the State of Missouri. Plaintiffs and the newly named defendants in plaintiffs' First Amended Complaint are all residents of the State of Missouri.

While it is the general rule that jurisdiction, once having attached, will not be divested by subsequent events, there is this exception when a plaintiff has so changed his pleading that the court no longer has jurisdiction on the face of the pleading. See Highway Const. Co. v. McClelland, 15 F.2d 187, 188 (8th Cir.1926). Section 1447(e) of Title 28 states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Therefore, because plaintiffs have been granted leave to amend, and their First Amended Complaint names additional parties who are citizens of the same state as the plaintiffs, diversity jurisdiction in this case under section 1332 has been destroyed and this case should be remanded to state court.

The additional ground in support of CoreLogic's removal of this case to federal court was federal-question jurisdiction under section 1331. This basis for jurisdiction is not addressed in plaintiffs' motion to remand. Nonetheless, upon review, the court finds that plaintiffs' complaint does not support federal-question jurisdiction. CoreLogic's assertion that the claims made in plaintiffs' complaint emanate from the requirements of the National Flood Insurance Act of 1968, as amended, (42 U.S.C. § 4001 et seq.) does not support a basis for federal-question jurisdiction. A district court's federal-question jurisdiction extends over only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or

that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims. Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808 (1988). Neither plaintiffs nor defendant CoreLogic assert that federal law creates the cause of action in this case or that plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law. Plaintiffs' complaint does not allege or even reference this Act. Removal on the basis of federal-question jurisdiction is judged from the face of plaintiffs' complaint, and here, plaintiffs' complaint makes no allegation, or reference to a claim which would require adjudication, under the federal flood insurance law cited by CoreLogic. Therefore, this court does not have federal-question jurisdiction in this case.

Section 1447(c) of Title 28 states, "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." It is, therefore,

ORDERED that this court no longer has jurisdiction over the claims in this case, and plaintiffs' motion to remand is granted. [8] It is specifically

ORDERED that this case is remanded to the Circuit Court of Greene County, Missouri, for all further proceedings. It is further

ORDERED that the Clerk of Court mark this case as closed.

Dated this 3rd day of March, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge